(119 App. Div. 130)

PEOPLE ex rel. NASSAU ELECTRIC R. CO. v. GROUT, Comptroller, et al.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

1. TAXATION—ASSESSMENT—STATUTORY PROVISIONS—STREET RAILROADS—FRAN-
CHISE TAX.

Laws 1899, p. 1593, c. 712, § 46, relating to the taxation of special
franchises under the general scheme that they be assessed at their value,
without any diminution for any local public charges thereon, provides
that the local public charges shall be deducted from the tax, when levied,
whether paid under an agreement therefor or under a statute requiring
the same. *Held* that, under the statute, not only sums paid as taxes may
be deducted from the franchise tax, but also sums paid under agreement,
and hence payments made by the relator, a street railroad company, un-
der an agreement requiring it to pay 5 cents the round trip for each
car running across the Brooklyn Bridge, are within the meaning of the
statute.

2. SAME.

Where the relator's contract right to run its cars across the Brooklyn
Bridge has been treated by the state as a special franchise for the pur-
poses of taxation, the city comptroller cannot refuse to make a reduction
of the local public charges from its franchise tax on the ground that it is
not a special franchise.

Appeal from Special Term, Kings County.

Mandamus by the people, on the relation of the Nassau Electric
Railroad Company, against Edward M. Grout, as comptroller of the
city of New York, and another, to compel defendants to deduct from
the relator's franchise tax the local public charges. From an order
denying the relator's application in part, it appeals. Modified and
affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
HOOKER, and GAYNOR, JJ.

Edward W. Hatch (Charles A. Collin and John L. Wells, on the
brief), for relator.

George S. Coleman, for respondents.

GAYNOR, J. The scheme of the statute for the taxation of special
franchises (incorporated in the tax law) is that they are assessed at
their value without any diminution for any local public charges thereon,
and that such charges are to be deducted from the tax when levied.
Section 46 (Laws 1899, p. 1593, c. 712) requires that if there has been
paid to the city, town or village for the tax year, "under any agree-
ment therefor, or under any statute requiring the same, any sum based
on a percentage of gross earnings, or any other income, or any license
fee, or any sum of money on account of such special franchise, granted
to or possessed by such person, copartnership, association or cor-
poration, which payment was in the nature of a tax," all amounts so
paid shall be deducted from the tax. In this there are two inconsistent
phrases applied to the payments mentioned, the one "under any agree-
ment therefor," and the other "in the nature of a tax" (if the latter
refers back to the former), for that which is paid under an agreement
is not of the nature of a tax. A tax is an exaction of sovereignty,
and not something derived from an agreement. This inconsistency

and lack of scientific precision affects the interpretation of the statute. It cannot be said that only sums paid as taxes may be deducted, for the statute classifies sums paid under agreement as taxes—which they may be in a loose sense—and directs them to be deducted.

The relator runs its cars across the Brooklyn Bridge under an agreement with the city requiring it to pay a toll of 5 cents the round trip for each car. This payment is within the meaning of the statute, provided the relator's contract right to such use of the bridge is a special franchise. Inasmuch as the state has treated it as such and assessed it, it is not open to the city comptroller to refuse to make the deduction on the ground that it is not. If the tax is to be imposed and collected the deduction must be allowed.

The order should be modified accordingly.

Order modified, in accordance with the opinion of GAYNOR, J., and, as modified, affirmed, without costs. All concur.