and lack of scientific precision affects the interpretation of the statute. It cannot be said that only sums paid as taxes may be deducted, for the statute classifies sums paid under agreement as taxes—which they may be in a loose sense—and directs them to be deducted.

The relator runs its cars across the Brooklyn Bridge under an agreement with the city requiring it to pay a toll of 5 cents the round trip for each car. This payment is within the meaning of the statute, provided the relator's contract right to such use of the bridge is a special franchise. Inasmuch as the state has treated it as such and assessed it, it is not open to the city comptroller to refuse to make the deduction on the ground that it is not. If the tax is to be imposed and collected the deduction must be allowed.

The order should be modified accordingly.

Order modified, in accordance with the opinion of GAYNOR, J., and, as modified, affirmed, without costs. All concur.

---

(119 App. Div. 879)

PEOPLE ex rel. BROOKLYN HEIGHTS R. CO. v. GROUT, Comptroller, et al.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

Appeal from Special Term, Kings County.

Mandamus by the people, on the relation of the Brooklyn Heights Railroad Company, against Edward M. Grout, as comptroller of the city of New York, and another, to compel defendants to deduct from relator's franchise tax the local public charges. From an order denying the relator's application in part, it appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ., concur.

PER CURIAM. Order modified, in accordance with opinion of GAYNOR, J., in People ex rel. Nassau Electric Railroad Company v. Grout (decided herewith, 103 N. Y. Supp. 975, and, as modified, affirmed, without costs.

---

(53 Misc. Rep. 6)

KRAININ v. COFFEY.

(Supreme Court, Special Term, Kings County. February, 1907.)

LIS PENDENS—CANCELLATION.
    Plaintiff sued to recover a deposit made on a contract for the purchase of real estate, together with expenses of searching title, but alleged no facts showing that he had not a full and adequate remedy at law. *Held,* that a lis pendens filed in the action would be canceled.

Action by Julius Krainin against Benjamin J. Coffey. Motion to cancel lis pendens. Granted.

J. G. Abramson, for plaintiff.
Alexander A. Forman, Jr., for defendant.

KELLY, J. I do not find any allegation in the complaint justifying a notice of lis pendens. The plaintiff does not ask for specific perform-