## ESTHER STRAND and Joseph Strand v. W. A. MARIN and WARD COUNTY, a Municipal Corporation.

(152 N. W. 280.)

**Seed grain lien — not a tax — priority.**

1. The seed lien or charge which is provided for by chapter 210 of the Laws of 1909, Comp. Laws 1913, §§ 3471–3490, though in some respects treated as a tax, is not a tax in the strict sense of the term, so as to be a paramount lien under the provisions of §§ 1557 and 1572 Rev. Codes 1905, Comp. Laws 1913, §§ 2171 and 2186.

**Tax — burden or charge for public purpose — legislative power to impose.**

2. A tax is an enforced burden or charge imposed by the legislative power upon persons or property to raise money for public purposes.

**Seed lien — not charge or burden for public purpose.**

3. The seed lien or charge which is provided for by chapter 210 of the Laws of 1909, Comp. Laws 1913, §§ 3471–3490, is not an enforced burden or charge which is imposed for the purpose of raising money for public purposes.

**Prior mortgage — seed lien — priority.**

4. The seed lien charge which is provided for by chapter 210 of the Laws of 1909, Comp. Laws 1913, §§ 3471–3490, is not paramount to the lien of an antecedent real estate mortgage.

Opinion filed March 25, 1915.

Appeal from the District Court of Ward County, *Leighton,* J. Action to quiet title to real estate. Judgment for plaintiff. Defendant Ward County appeals.

Affirmed.

*R. A. Nestos* and *Dorr H. Carroll,* for appellant.

The doctrine of liens as between debtor and creditor is just and equitable. Jacobs v. Latour, 5 Bing. 130, 2 Moore & P. 201, 6 L. J. C. P. 243.

A lien is not a collateral contract. It is a right in the subject of the contract created by the law as an incident to the contract itself. Pelham v. The B. F. Woolsey, 3 Fed. 457; Hayden v. Delay, Litt. Set. Cas. (Ky.) 278.

A lien may be permitted, or the right to a lien given, by statute, without the property owner's consent. The Menominie, 36 Fed. 197; Kreling v. Kreling, 118 Cal. 413, 50 Pac. 546; Frost v. Atwood, 73 Mich. 67, 16 Am. St. Rep. 560, 41 N. W. 96; Garr, S. & Co. v. Clements, 4 N. D. 559, 62 N. W. 640.

As a rule liens have priority with reference to the date of the filing of the required notice; but the legislature may make exceptions to such rule. O'Neil v. St. Olaf's School, 26 Minn. 329, 4 N. W. 47; Bohn v. McCarthy, 29 Minn. 23, 11 N. W. 127; Donahy v. Clapp, 12 Cush. 440; Phillips, Mechanics' Liens, § 65; Laird v. Noonan, 32 Minn. 358, 20 N. W. 354; Smith v. Stevens, 36 Minn. 303, 31 N. W. 55; Bardwell v. Mann, 46 Minn. 285, 48 N. W. 1120; 25 Cyc. 660 et seq.; Rev. Codes 1905, §§ 6273, 6276, 6277; Comp. Laws 1913, §§ 6853, 6856, 6857.

Persons who transact business or contract with each other, do so with full knowledge of the laws affecting their dealings. Garr, S. & Co. v. Clements, 4 N. D. 559, 62 N. W. 640; Schlosser v. Moores, 16 N. D. 185, 112 N. W. 78; 20 Am. & Eng. Enc. Law, 2d ed. 347; Smith v. Stevens, 36 Minn. 303, 31 N. W. 55; Joslyn v. Smith, 2 N. D. 53, 49 N. W. 382.

Where a county in this state furnishes one of its residents with seed grain, the debt so created is regarded as in the nature of a tax, and to be collected as such. Re Columbian Ins. Co. 3 Abb. App. Dec. 239, 3 Keyes, 123; Butler v. Baily, 2 Bay, 244; Jack v. Weiennett, 115 Ill., 105, 56 Am. Rep. 129, 3 N. E. 445; Re Brand, 3 Nat. Bankr. Reg.

324; Osterberg v. Union Trust Co. 93 U. S. 428, 23 L. ed. 965; Jenkins v. Newman, 122 Ind. 99, 23 N. E. 683.

*Thompson & Wooledge,* for respondents.

If a seed lien obligation is a tax in the proper sense, then the state may give it a priority of lien. If not a tax, then the legislature cannot, by designating it a tax, give it any greater preference as a lien than could be given it should no such name be affixed to it. Such obligation is a mere debt. Yeatman v. King, 2 N. D. 421, 33 Am. St. Rep. 797, 51 N. W. 721; 37 Cyc. 706; State v. Nelson County, 1 N. D. 88, 8 L.R.A. 283, 26 Am. St. Rep. 609, 45 N. W. 33; State v. Bank, 36 Am. Dec. 561, note.

When entering into contract relations, the state or a municipality is to be treated the same as an individual. 37 Cyc. 1138, 1139; People ex rel. Atty. Gen. v. Michigan C. R. Co. 145 Mich. 140, 108 N. W. 772.

Where an obligation properly a tax is sought to be made prior and paramount to these existing liens, the statute must be very plain and specific. Such a result will not be brought about by implication. 37 Cyc. 1144, and cases cited; New England Loan & T. Co. v. Young, 10 L.R.A. 473 note; Black, Tax Titles, 2d ed. §§ 185, 186; Hulin v. Butte County, 18 S. D. 339, 100 N. W. 739; Miller v. Anderson, 1 S. D. 539, 11 L.R.A. 317, 47 N. W. 957.

Where a statute goes so far as to work a confiscation of prior vested property rights, or deprive the holder of these rights without notice and without his consent, it is void. 8 Cyc. 1102, note 84, and cases cited; Meyer v. Berlandi, 39 Minn. 438, 1 L.R.A. 777, 12 Am. St. Rep. 663, 40 N. W. 513; Wright v. Sherman, 3 S. D. 290, 17 L.R.A. 792, 52 N. W. 1093; John Spry Lumber Co. v. Sault Sav. Bank Loan & T. Co. 77 Mich. 199, 6 L.R.A. 204, 18 Am. St. Rep. 396, 43 N. W. 778; Mellis v. Race, 78 Mich. 80, 43 N. W. 1033; Randolph v. Builders' & Painters' Supply Co. 106 Ala. 501, 17 So. 721; Brooks v. Tayntor, 17 Misc. 534, 40 N. Y. Supp. 445; Creech v. Pittsburgh, A. & W. R. Co. 11 Ohio Dec. Reprint, 764.

In the case of Agister's liens, the weight of authority is that such liens are inferior and subsequent to existing chattel mortgages. National Bank v. Jones, 18 Okla. 555, 12 L.R.A.(N.S.) 310, 91 Pac. 191, 11 Ann. Cas. 1041; Rev. Codes 1905, § 6266; Comp. Laws 1913, § 6846;

Wright v. Sherman, 3 S. D. 290, 17 L.R.A. 792, 52 N. W. 1093; Chapman v. First Nat. Bank, 98 Ala. 528, 22 L.R.A. 78, 13 So. 764.

BRUCE, J. .This is an action brought by the holder of a sheriff's deed under a mortgage foreclosure, to quiet the title to the land purchased by him against the purchaser under a delinquent tax sale arising out of a lien or tax for certain feed and seed sold to the original owner of the land by the county of Ward under the provisions of chapter 210 of the Laws of 1909, Comp. Laws. 1913, §§ 3471–3490.

The mortgage was dated on the 24th day of November, 1909, and recorded on the 25th day of November, 1909, and the mortgage sale was held on the 20th day of January, 1912, the sheriff's deed being issued on January 21st, 1913. The seed, on the other hand, was furnished by the county in the month of May, 1911, the amount of the indebtedness was entered upon the tax list of the county for the year 1911 as taxes, on the 13th day of November, 1911, and on the 10th day of December, 1912, the said land was sold at a delinquent tax sale and bought in by the defendant Ward county. Judgment was entered quieting title in the plaintiffs, and the defendant Ward county has appealed. The question at issue is whether the seed lien provided for in chapter 210 of the Laws of 1909, Comp. Laws 1913, §§ 3471–3490, was intended to be and could be made superior to the lien of the mortgage, which was executed prior to the furnishing of the seed, and such seed being furnished without the knowledge or consent of the mortgagee, but after the passage of the act.

It is not necessary for us to pass upon the constitutionality of the act which is before us, nor of any of its provisions. Nor is it necessary for us to decide whether or not such a paramount lien or tax, as is contended for by the defendant, could be created by the legislature. All that is necessary for us to say is that in our opinion it was not the intention of the legislature that the lien created by the statute should be considered a tax in the technical or ordinary sense of the term, nor that such lien should, by virtue of the provisions of §§ 2171 and 2186, Comp. Laws 1913, be deemed superior to antecedent liens or mortgages. A tax is "an *enforced proportional* contribution of persons and property, levied by authority of the state for the support of the

government and for all public needs." See Adjudged Words & Phrases, vol. 8, pages 6867 and 6868, and cases cited; 37 Cyc. 706.

Such is not the nature of the charge or indebtedness which is before us, and the mere calling it a tax does not make it such. Yeatman v. King, 2 N. D. 421, 33 Am. St. Rep. 797, 51 N. W. 721. It is in no sense an enforced contribution. It is a voluntary loan which is made by the husbandman, not for the support of the machinery of government nor for the general needs of the public, but for the support and needs of the borrower alone. In such a case, indeed, the state is not acting in a governmental capacity, but in one which is friendly or paternalistic. Not in short as an all-powerful governor or autocrat, but as a public spirited and kind-hearted banker or business man. It loans money and makes a contract and becomes a creditor or a lien holder by the mutual assent of both parties. It does not arbitrarily require a contribution or impose a tax.

The intention of a paramount lien or of the imposition of a tax in the general sense of the term is in fact negatived by the terms of the act itself. Section 11 of the act provides that applicants for seed grain must sign the contract agreeing to pay to the county the amount of the cost of said seed grain; and it further provides that such contract shall contain a stipulation that the sum so agreed upon "shall be taxable against all the real and personal property of said applicant; that such tax shall be levied by the county auditor or county clerk of his county, and collected as other taxes are collected under the laws of this state." Section 12 of the same act reads as follows: *"Upon the filing of the contracts* provided for in § 10, the county shall acquire a just and valid lien upon the crops of grain raised each year by the person receiving said grain, to the amount of the sum then due to the county upon said contract, as against all creditors, purchasers, or mortgagees, whether in good faith or otherwise, and the filing of said contract shall be held and considered to be full and sufficient notice to all parties of the existence and extent of said lien, which shall continue in force until the amount covered by said contract is fully paid."

The act does not anywhere say that the so-called tax shall become a first lien as to the real estate. Even as to the crop it does not take priority as a tax under the provisions of §§ 2171 and 2186, Compiled Laws of 1913, but is based upon a contract with the county, and be-

comes operative only when that contract is filed. If the legislature had intended that the so-called tax or charge should be a first lien upon the land, why did it not say so, and use the same direct and positive language that is used when making it a first lien upon the crops?

So, too, in doubtful cases, and where the language of a statute does not preclude us from so holding, we must presume that the legislature acted with full knowledge of local conditions and the financial needs of the state and of its citizens.

The first need of every new country is that outside capital shall feel free to circulate therein, and that its citizens may be able to borrow freely and at reasonable rates. That this may be possible it is absolutely necessary that foreign as well as local investors shall be secure, and shall feel secure, in their investments. A state or an individual that repudiates its debts or wastes the security it has given may profit thereby in the instant case, but it will never again be able to obtain credit.

If, indeed, the act were construed as desired by appellant, all confidence in North Dakota securities would be shaken, and the loaning of money to farmers and homesteaders would be greatly discouraged. The statute makes the debt a lien not only upon the land upon which the seed is sown, but upon *all the land* of the debtor. A money loaner or investor therefore would not only have to keep watch on his debtor's farming operations on the land upon which he had a mortgage, but upon all of his farm operations. The only justification for any such lien as. against prior mortgages, too, is by this clause of the statute taken away, and that is the justification that the value of the security is enhanced by the lien. How, indeed, could section 2 in township 1 be benefited as a security or in any way by the seeding of grain on section 1 of township 6, yet under the statute the lien for the seed sown on section 1 covers section 2 also. We cannot believe that the legislature intended any such construction as is contended for by appellant, and in the absence of clear language indicating such a desire and intention, we refuse to infer it.

The judgment of the District Court is affirmed.