BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY and LINDLEY M. GARRISON, as Receiver, etc., Appellants, v. THE CITY OF NEW YORK, Respondent.— Judgment reversed upon the law and the facts, with costs, and judgment

directed in favor of plaintiffs for $16,050.51, with interest. The conclusions to which we have come are (I) that the evidence, by its clearly preponderating weight, establishes that the right to operate across the Williamsburg Bridge was included in the assessment of the railroad company's special franchise for the year 1912, and that the bridge tolls paid were the subject of reduction from that tax under the provisions of section 48 of the Tax Law as then in force (*People ex rel. Nassau Electric R. R. Co.* v. *Grout*, 119 App. Div. 130; affd., on opinion below, 189 N. Y. 510; *Nassau Electric Railroad Company* v. *City of New York*, 213 App. Div. 884); (II) that the city's tax books were corrected by order of the court establishing the obligation of the city to make allowances for the bridge tolls paid by plaintiffs (*People of the State of New York ex rel. Nassau Electric Railroad Company* v. *Prendergast*, 184 App. Div. 905. See, also, *People of the State of New York ex rel. New York, Westchester & Boston Railway Company* v. *Ebstein*, 219 N. Y. 576); and (III) that the overpayment was made as the result of a mistake of the comptroller in his fixation of the date of adjustment and in the mistaken assumption of plaintiffs that the correct computation had been made by the city, and was, therefore, not voluntary within the meaning of the rule of law depriving a person of the right to have returned to him moneys voluntarily paid. We so held in *Nassau Electric Railroad Company* v. *City of New York* (*supra*). Findings of fact and conclusions of law inconsistent herewith are reversed, and new findings of fact and appropriate conclusions of law will be made. Lazansky, P. J., Rich, Young, Kapper and Scudder, JJ., concur. Settle order on notice.