*332 OPINION.
Murdock:
The petitioner first contends that the items in question are deductible as “taxes.” The word “tax” is generally understood in this country to mean an involuntary charge imposed by legislative authority for public purposes. Tevander v. Ruysdael, 299 Fed. 746; Loan Association v. Topeka, 20 Wall. 655, 664; Strand v. Martin, 30 N. D. 165; 152 N. W. 280; Voelkel v. City of Cincinnati, *333 112 Ohio 374; 147 N. E. 754. See other cases cited in Words and Phrases under “ Tax.” It is exclusively of statutory origin. Bente v. Bugbee, 103 N. J. 608; 137 Atl. 552. We look, therefore, for some law imposing taxes in the amounts of the items in controversy. The laws of a foreign country must be proved. This rule is certainly no less true of the laws of a government which has not been recognized by the Government of the United States. The evidence relating to this subject is the statement in the stipulation that:
The laws of the Union of Soviet Socialist Republics purported to confer on the Chief Concessions Committee of the Council of Peoples Commissars and/or the Peoples Commissariat of Foreign Trade, authority over matters relating to foreign trade, including preliminary approval or qualification of parties desiring to institute trade relations, and the making of license agreements prescribing the terms and conditions under which the particular trade relations desired might be carried on. [Italics ours.]
In addition we have the decree and the agreement. But this is not enough to enable us to find that the items in question were taxes imposed by any government in Russia. Furthermore, some of the amounts were paid or accrued under an “ agreement ” between the petitioner and the Peoples Commissariat of Foreign Trade of the Union of Soviet Socialist Republics. Tax burdens and contractual liabilities are very different things. A tax is compulsory, an exaction of sovereignty rather than something derived from an agreement, although the amount of tax is sometimes fixed by agreement. People ex rel Nassau Electric Ry. Co. v. Grout, 103 N. Y. S. 975; 119 App. Div. 130; Columbia Gas Light Co. v. Mobley, 139 S. C. 107; 137 S. E. 211. The facts in evidence fail to sustain the contention of the petitioner that the items in question are taxes deductible under section 234 (a) (3).
The petitioner contends, in the alternative, that it is entitled to a deduction for each period under section 234 (a) (1), which provides that in computing the net income subject to the tax there shall be allowed as deductions all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. It has been stipulated that the books of the Products Exchange Corporation and of the petitioner were kept on an accrual basis. Therefore, the amount which the petitioner might be entitled to deduct under this provision is the amount of expense incurred in each period rather than the amount paid. As we understand paragraph “ eighth ” of the stipulation, the correct amount of the liability incurred under the decree and agreement for the respective periods was as follows:
January 1 to April 30, 1924_ $725. 75
May 1, 1924 to Dec. 31, 1924_ 40,065.85
Calendar year 1925_ 224,106.37
*334 For the first period the Commissioner disallowed a deduction of $725.75 described as Russian taxes, and added the amount to income, with the explanation that the evidence submitted to him indicated that the item was a distribution of profits. For the next period a deduction of $29,065.85, described as Russian Government taxes, was disallowed and added to income, with the same explanation as was given for the previous period. For the calendar year 1925 a deduction of $224,106.37 described as accrued license tax, Russian Government, and also one of $11,000 described as 1924 Russian Government tax adjustment, were disallowed and added to income with the same explanation as for 1924. The errors assigned by the petitioner are that the Commissioner erred in disallowing the deductions claimed. The respondent concedes that the petitioner and its predecessor were carrying on a business and that the accrued amounts were “ incurred ” during the taxable years in question, but he contends that the amounts incurred in each year were not ordinary and necessary expenses.
There is no direct statement in the stipulation that an agreement such as was entered into was a prerequisite to the conduct of the petitioner’s business in Russia, nor is there a direct statement that such an agreement was the ordinary thing required of those engaged in such business. Apparently, the petitioner feels that the necessary inference from the facts stipulated is that it had to enter into this agreement and agree to pay at least this amount or stay out of Russia. The proof of important facts should not be left to inference. Where parties having divergent interests deal at arm’s length, an inference may arise that each did his best to secure a fair bargain. But that is not the situation before us. Here the- stipulation shows, that the Union of Soviet Socialist Republics was indirectly the principal owner of the petitioner, and perhaps it made little difference, either to the corporation or to the U. S. S. R., what portion of the profits went directly under the agreement to the U. S. S. R. Thus, despite the fact of the agreement, we are not satisfied of the necessity for it. Other facts demonstrate the uncertainty of the proof as to whether or not the expenditures were ordinary and necessary. For instance, the agreement is dated November 28, 1924, but seems to have been retroactive to July 1, 1924, whereas the accruals by the petitioner are for a period beginning May 1, 1924. Thus, the petitioner seems to have carried on a considerable portion of its 1924 trade in Russia before it entered into the contract on November 28, 1924. Another example is the presence in the stipulation of the words “ purported to ” and “and/or.” Responsibility for a sufficiently clear and adequate stipulation of the facts rests upon the moving party, in this case the petitioner. In view of the *335 uncertainty of the circumstances under which the contract was entered into, we are unable to hold that the amounts claimed were ordinary and necessary expenses deductible under section 234 (a) (1).

Judgment will be entered for the respondent.