## C. C. ARENDTS v. CHARLES E. BEST, as County Auditor of Ransom County, North Dakota.

### (165 N. W. 500.)

**Personal property taxes — tax lists — entered upon — current — delinquent — payment of taxes — before recording deed of transfer.**

Personal property taxes which have not been entered upon the tax list against

real property in accordance with § 2174, Comp. Laws 1913, do not constitute current or delinquent taxes within the purview of chapter 252, Laws 1915, which requires certain taxes to be paid before a deed may be transferred and recorded.

Opinion filed November 16, 1917.

From a judgment of the District Court of Ransom County, Honorable *Frank P. Allen,* Judge, defendant appeals.

Affirmed.

*J. V. Backlund,* for appellant.

Current or delinquent taxes upon real estate must be paid before the county auditor shall enter the transfer, or before deed conveying the property can be recorded. Comp. Laws 1913, §§ 2166, 2169, 2174, 2186, 2212; Danforth v. McCook County, 11 S. D. 258, 74 Am. St. Rep. 808, 76 N. W. 940.

The failure of the county auditor to bring forward personal taxes for preceding years, and extend them upon the real estate tax list, and to sell the land on which they were a lien, does not, as against a purchaser of the land, release the land from the lien. Iowa Land Co. v. Douglas County, 8 S. D. 491, 67 N. W. 52.

Courts of equity in general should interfere to restrain the collection of a tax or annul tax proceedings only where it appears either that the property sought to be taxed is not subject to taxation, or the tax itself is not wholly authorized by law, or the taxes are assessed or levied without authority, or the taxes have been unjustly levied, or the assessment made unjustly or without uniformity, and plaintiff must also bring himself within some recognized head of equity jurisprudence, and must tender or pay the taxes before a mandamus or injunction restraining collection will issue. Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191; Douglas v. Fargo, 13 N. D. 467, 101 N. W. 919.

*Curtis & Curtis,* for respondent.

Before a deed can be placed on record it must have the indorsement of the county auditor as to the payment of taxes. Sess. Laws 1915, chap. 252.

The statute, however, refers only to real estate taxes, and not to personal property taxes. Ibid.

There is no lien for personal property taxes until there is distraint

made by the sheriff, or when the tax becomes past due and is extended on the books.   Comp. Laws 1913, §§ 2160, 2174, 2186.

CHRISTIANSON, J.   Plaintiff applied to the district court of Ransom county for a writ of mandamus to compel the defendant, as county auditor, to transfer a certain deed.   The district court directed the writ to issue, and defendant appeals.   The material undisputed facts are: On December 28th, 1916, the plaintiff purchased a lot in the city of Lisbon, in Ransom county, from one Phoebe A. Curtis, the then record owner thereof.   On that same day plaintiff received from her a warranty deed for said premises.   On February 3, 1917, the plaintiff presented the deed to the defendant county auditor, tendered him the statutory fee, and demanded that he make a transfer of the premises in the records of his office, and place upon the deed the following statement, "Taxes paid and transfer entered," so as to entitle the deed to record in the register of deed's office.   The defendant refused to make the transfer.   At the time the deed was tendered for transfer, there were no current taxes or special assessments due on the land.   There were, however, certain outstanding and unpaid personal property taxes against Phœbe A. Curtis, for the years 1901, 1903, 1904, 1906, 1907, 1908, and 1916.

Our statute provides that "when any deed or patent is presented to the county auditor for transfer he shall ascertain from the books and records in the office of the county treasurer if there are any current taxes due on the land described therein, or any special assessment due thereon; he shall also ascertain from the books and records in the auditor's office if there be delinquent taxes on the said land described within, or special assessments due thereon, or if it has been sold for taxes; and if there are current taxes, delinquent taxes or special assessments due or instalments of special assessments due, he shall certify to the same, and when the receipt of the county treasurer shall be produced for the said current taxes, delinquent taxes or special assessments or instalments of special assessments and for any other current or delinquent taxes, or special assessments of [or] instalments of special assessments that may be in the hands of the county treasurer or county auditor for collection, the county auditor shall enter on every deed or patent so transferred, over his official signature, 'taxes and special

assessments or instalments of special assessments, paid and transfer entered,' or if the land described has been sold for taxes, 'paid by sale of the land described within,' or if it is an instrument entitled to record without regard to taxes, 'transfer entered,' and unless such entry is made upon any deed, or patent, the register of deeds shall refuse to receive or record the same." Laws 1915, chap. 252.

Our statutes provide for the collection of delinquent personal property taxes by distraint (Comp. Laws 1913, § 2166); or by action in the name of the county, whenever the board of county commissioners deem the latter method to be expedient. Comp. Laws 1913, § 2172.

The sheriff is required to make a return to the board of county commissioners, showing both the taxes collected and the taxes "uncollected." And the county commissioners are empowered to cancel "such taxes as they are satisfied cannot be collected." Comp. Laws 1913, § 2169.

The statute further provides that "after the county commissioners have canceled so much of the delinquent taxes as they deem uncollectable as provided in the preceding section, the county auditor shall extend to and enter upon the tax list in the hands of the treasurer for the same year in an appropriate column or columns for remarks, opposite each description of real property belonging to any person owing such uncollected personal property tax, words showing the year for which the same remains due, and the principal sum of such tax, as for example, 'personal tax, 1896, $12.78.' And when the delinquent afterwards acquires any real property in the county such delinquent taxes may be entered in like manner upon any subsequent tax list; *and from the time of such entry the delinquent taxes so entered shall become a lien on any real property of the delinquent against which they are so entered in the same manner and to the same extent as the taxes upon such real property,* and collection thereof shall be enforced accordingly by sale of the lands against which they are so entered, or so much thereof as may be necessary, at the time when the lands are sold for delinquent taxes, and in the same manner as if originally charged against such lands." Comp. Laws 1913, § 2174.

It is conceded that the personal property taxes involved in this action have not been extended against the real property as provided in the section last quoted. The plaintiff disclaims any intention of avoiding the personal property taxes, and concedes that these taxes constitute

an inchoate lien which eventually may be enforced against the land. Plaintiff's sole contention is that, inasmuch as these personal property taxes have not been entered upon the tax list against the land as provided by § 2174, Comp. Laws 1913, they do not constitute current or delinquent taxes on the land, within the purview of chapter 252, Laws 1915. Defendant, however, contends that the personal property taxes are "current taxes" within the purview of chapter 252, Laws 1915, and that they are a lien upon the premises under the provisions of § 2186, Comp. Laws 1913, which reads: "Taxes upon real property are hereby made a perpetual paramount lien thereupon against all persons and bodies corporate, except the United States and the state, and taxes due from any person upon personal property shall be a lien upon any and all real and personal property owned by him at the time the tax became due, or which may be subsequently acquired by him, and the title to any of which personal property so owned or subsequently acquired remains in him at the time of the distraint. All taxes shall, as between vendor and purchaser, become a lien upon real estate on and after the 1st day of December in each year."

Sections 2174 and 2186, Comp. Laws 1913, were both parts of the same legislative enactment. Laws 1897, chap. 126. They should be construed together; and, as far as possible, reconciled so as to make them consistent and harmonious, and so as to give sensible and intelligent effect to each.

The effect and purpose of § 2186, supra, with respect to, and the lien created thereby upon, personal property, was recently considered by this court in the case of First Nat. Bank v. Kelly, 36 N. D. 546, 162 N. W. 901. In that case we held that this section does not of itself impress a specific lien upon personal property for personal property taxes, but that "it is intended to create a tax lien upon personal property owned by the tax debtor for the sole purpose of enabling the collection of the tax by distraint, and not for the purpose of preventing a sale free from the taxes before the property is levied upon for their collection." A personal property tax is not a lien upon real property unless expressly made so by statute. And when so created it will not be enlarged by construction. 2 Cooley, Taxn. 3d ed. pp. 866, 867.

If § 2186 is given the construction contended for by appellant, it will be given one effect as to personal property and another as to real

property. · There is nothing to justify such construction. The purpose of the section with respect to personal property taxes is: (1) To create a tax lien upon personal property owned by the tax debtor so as to enable the tax collector to collect the tax by distraint; (2) to render such tax a lien upon real property so as to enable the tax to be extended and in effect become a tax against real property and enforced as such in the manner provided by statute.

The tax would not be a lien unless the legislature made it so. Section 2186, supra, is merely the legislative declaration of its purpose to create the lien. It does not attempt to fix the time when the lien becomes operative, or the procedure with respect to its maintenance or enforcement.

Cooley (Cooley, Taxn. 3d ed. vol. 2, pp. 871, 872) says: "The time when the lien will attach to land must be determined by the terms of the statute. . . . Where no time is thus expressly named the lien should attach at the time when by an extension of the tax upon the roll a particular sum has become a charge upon a particular parcel of land." We are agreed that a personal property tax does not become a tax against real property within the purview of chapter 252, Laws 1915, until it is extended upon the tax list as a tax against such real property in accordance with § 2174, Comp. Laws 1913.

The judgment appealed from is correct and must be affirmed. It is so ordered.

Robinson, J. (dissenting). In this case the county auditor appeals from a judgment requiring him to certify to a matter which is not true. The plaintiff presented to the county auditor a deed of certain lots, requesting him to certify on the deed taxes paid and transfer entered, when in truth the records show delinquent personal taxes for several years against the maker of the deed. The contention is that a personal tax against the owner of land is not a tax against his land.

The statute reads:

Section 2186. Taxes against real property are hereby made a perpetual lien thereupon, and taxes due from any person upon personal property shall be a lien upon any real and personal property owned by him at the time the tax becomes due, or which may be subsequently acquired by him and remain in his name at the time of the distraint.

Section 2174 provides that a personal property tax may be entered on the tax list opposite each description of land, and from the time of such entry the delinquent tax so entered shall become a lien upon any real property of the delinquent against which they are so entered, in the same manner and to the same extent as taxes upon such real property, and collection thereof shall be indorsed accordingly by a sale of the lands against which they are so entered, or so much thereof as may be necessary at the time when the lands are sold for delinquent taxes.

There is some apparent conflict between those two sections, but they should be construed so as to give effect to each and to conform to the well-known general usage. The first section relates entirely to the lien of the tax, and the latter section to the collection of the tax. The personal tax is made a lien upon all real property owned by any person at the time the tax becomes due. A party may own one hundred or more lots or tracts of real property, which are all subject to the lien of his personal tax, without entering the same opposite the description of each lot or tract on the tax list.

No county auditor incurs the needless trouble of entering the personal tax against every tract or lot, unless when he comes to advertise and sell the same for the personal tax. All abstracts of title to real property give the delinquent personal taxes and judgments against the several owners of the property, and it is the proper custom of all county auditors to examine the records for delinquent personal taxes before certifying on a deed that the taxes are paid. Such a certificate on a deed means that the property is free and clear from all taxes.

As the appeal was taken by the county auditor in his official capacity, pursuant to a resolution of the county commissioners, his counsel did not deem it necessary to give an appeal bond, and now, for want of a bond, a motion is made to dismiss the appeal. The county auditor has submitted, and he offers to file, a proper undertaking. The offer and motion is allowed. It is made under this statute. Comp. Laws § 7840. When a party shall in good faith give notice of an appeal, and shall omit, through mistake or action, to do any other acts necessary to perfect the appeal, the supreme court or one of the justices thereof may permit the proper act to be done.