L. R. BAIRD, as Receiver of Sykeston State Bank, a Banking Corporation, Respondent, v. A. F. BELCHER, as Sheriff of Wells County, North Dakota, Appellant.

(231 N. W. 548.)

Opinion filed June 28, 1930.

*I. A. Acker,* State Tax Commissioner, and *John A. Layne,* State's Attorney, for appellant.

*Zuger & Tillotson,* for respondent.

BIRDZELL, J. This is an action to enjoin the defendant, the sheriff of Wells county, from selling for the personal taxes of another certain personal property which had been acquired by the plaintiff. The plaintiff had judgment in the trial court awarding a permanent injunction and the defendant appeals. The facts are not in dispute and may be stated briefly as follows:

The plaintiff is the receiver of the Sykeston State Bank. In November, 1929, one Maxwell sold and transferred to the plaintiff by bill of sale a number of items of personal property. Soon after the transfer the defendant levied upon this personal property for the delinquent personal taxes of Maxwell for eight successive years, namely, 1921 to 1928, inclusive, with penalties and interest. A restraining order was issued preventing the sale and after trial of the case on the merits the plaintiff was awarded a permanent injunction.

The appellant presents as the sole question involved on the appeal this query: Does a purchaser of personal property take the property free and clear from the lien of taxes specifically assessed against it so as to render it immune from distraint by the sheriff for the taxes of the vendor? It is contended by the appellant that under the provisions of § 2166, Compiled Laws of 1913, as amended by § 3, chapter 241, Session Laws of 1929, personal property of a tax debtor passes into the hands of a purchaser subject to the lien of the tax assessed against the class or classes in which the particular property had been assessed. That portion of the statute relied upon reads as follows:

". . . provided that all personal property taxes shall be a lien

upon the property assessed from and after the date upon which assessment is made and it shall be the duty of the sheriff when any person to whom personal property shall have been assessed is, in his opinion, about to sell, barter or remove said property from the county, to collect such taxes at any time after the property shall have been assessed." Before this proviso, however, the statute makes it the duty of the sheriff to proceed with the collection of delinquent taxes and directs him to "distrain sufficient goods and chattels belonging to the person, firm or corporation charged with such taxes if found within the county to pay the same." Two additional sections bearing quite directly upon the question involved are §§ 2171 and 2186, Compiled Laws of 1913, which read:

"Section 2171. The right of the state and each and every county thereof to enforce the collection of personal property taxes shall take and have precedence of any and all liens on or against personal property of a tax debtor; provided, that any person holding a lien on personal property of any tax debtor may demand and require the property of the tax debtor not covered by a lien to be first exhausted in the payment of such taxes."

"Section 2186. Taxes upon real property are hereby made a perpetual paramount lien thereupon against all persons and bodies corporate, except the United States and the state, and taxes due from any person upon personal property shall be a lien upon any and all personal property owned by him at the time the tax became due, or which may be subsequently acquired by him, and the title to any of which personal property so owned or subsequently acquired remains in him at the time of the distraint. All taxes shall, as between vendor and purchaser, become a lien upon real estate on and after the 31st day of December in each year." (The latter section is quoted as amended by chapter 241, Session Laws of 1929, in a minor particular not affecting the question in hand.)

The foregoing sections must, if possible, be given a harmonious construction so that if there be manifested in them a legislative intention that a lien for personal property taxes shall attach at a given time and remain enforceable against the specific property taxed or property of the same classification in the assessment, as against the tax debtor or as against any subsequent purchaser, the contention of the appellant must

be upheld. If, on the other hand, the lien declared in § 2166 appears to have been created for the purpose of enabling the collection of the tax in the prescribed manner and in circumstances limited by the continued ownership by the tax debtor, the judgment must be affirmed.

Upon a former occasion when §§ 2171 and 2186 were before this court for construction in a proceeding involving the priority of a chattel mortgage over the lien of personal taxes assessed on account of property other than that covered by the mortgage and in a different class in the assessment, these two sections were commented on as follows (First Nat. Bank v. Kelly, 36 N. D. 546, 162 N. W. 901, at page 550 of the state report) :

"Section 2186 is the older of the two statutes above quoted (the other being § 2171), and from an examination of its provisions it is apparent that it is intended to create a tax lien upon personal property owned by the tax debtor for the sole purpose of enabling the collection of the tax by distraint, and not for the purpose of preventing a sale free from the taxes before the property is levied upon for their collection. The statute purports to make the taxes owing by a tax debtor a lien, not only against the personal property 'owned by him at the time the taxes become due,' but also against that which 'may be subsequently acquired by him.' The purpose of a provision which thus extends the lien of the tax to property regardless of whether or not it was owned by the tax debtor at the time of the assessment could be none other than a desire to render all such property subject to distraint. That the legislature did not intend all the consequences of a lien to attach is very apparent from the fact that the so-called lien was limited by the continued ownership of the property by the tax debtor. There can be little doubt that it was owing to the very inadequacy of § 2186 to establish an absolute lien for taxes as against the personal property owned by the tax debtor, that § 2171, above quoted, was passed."

In that case the lien of so much of the taxes as resulted from the assessment of the item upon which the plaintiff held the chattel mortgage was conceded to be superior to the mortgage—made so by § 2171. This property was still owned by the tax debtor, but the remainder of the property assessed had been disposed of, and it was held, following Advance Thresher Co. v. Beck, 21 N. D. 55, 128 N. W. 315, Ann. Cas. 1913B, 517, that the lien for so much of the tax as was based

upon the assessment of other items which had been disposed of was not superior to the mortgage upon the item still retained by the tax debtor.

As to the property disposed of it was said that § 2186 created the lien for the purpose of enabling the collection of the tax by distraint and not for the purpose of preventing a sale free from the taxes before the property would be levied upon for their collection. If this be a correct construction and if § 2166 may be harmonized with it, it is decisive of the case at bar.

Referring now to § 2166, it will be noted that the sheriff is directed to *distrain* sufficient goods and chattels *belonging to the tax debtor* and that in that portion of the statute where it is provided that all personal taxes shall be a lien upon the property assessed from the date of the assessment, there is linked with the lien declaration a provision making it the duty of the sheriff to collect the taxes at any time after the property shall have been assessed when in his opinion such person is about to sell, barter or remove the property from the county. In other words, the remedy provided is distraint and it is made effective for purposes of immediate collection after assessment when in the opinion of the sheriff a step is about to be taken by the tax debtor which might embarrass the ultimate collection of personal taxes. Distraint is the taking of a chattel from the possession of a wrongdoer or obligor to enforce the performance of an obligation. See Bouvier's Law Dict. It does not authorize the taking of property of one person to satisfy the obligation of another. Our statutes, §§ 2166 and 2186, supra, were evidently drawn with this characteristic of the remedy in mind for they direct distraint only of goods belonging to the tax debtor at the time of the distraint. The clear implication is that the remedy is not to be resorted to if the property no longer belongs to the tax debtor. It implies that a sale may be made which will remove the property assessed from the operation of a distress warrant. If the construction contended for by the appellant be adopted, it would render that portion of the statute declaring the lien to exist repugnant to that portion of the same section which directs proceedings by distraint as well as to the kindred provision of § 2186. Since these sections should, if possible, be given a harmonious construction, and since this can be accomplished only by holding, as heretofore, that the lien declared is for the purpose of making the remedy of distraint applicable and that this remedy to be avail-

able must be resorted to while the property is owned by the tax debtor, we adhere to that construction.

Judgment affirmed.

BURKE, Ch. J., and CHRISTIANSON and NUESSLE, JJ., concur.

BURR, J. (concurring). The action of the lower court should be affirmed; but I am not prepared to say that when § 2166 says: "All personal property taxes shall be a lien upon the property assessed from and after date upon which assessment is made" it means "all personal property taxes shall be a lien upon the property assessed from and after the date upon which assessment is made so long as said property remains in the hands of the owner." The legislature has not so stated it. I believe in the affirmance of the judgment because the statute does not make provision for the enforcement of such lien by destraint when the property has passed into the hands of a subsequent purchaser who buys in good faith. As this is a case where it is attempted to collect taxes by distraint under such condition the judgment is correct.