[File No. 5958.]

## INTERNATIONAL HARVESTER COMPANY OF AMERICA, a Corporation, Respondent, v. GEORGE ELHARD, as Sheriff of Logan County, North Dakota, Appellant.

(238 N. W. 551.)

Opinion filed October 17, 1931.

*Arthur B. Atkins,* State's Attorney, for appellant.

*Zuger & Tillotson,* for respondent.

BURKE, J. This action is brought by the plaintiff to restrain the collection of certain personal property taxes by distraint. During the years of 1926, 1927, 1928 and 1929, Joseph Daschle and John Daschle, father and son, as co-partners under the firm name of Daschle & Company, were engaged in the hardware and implement business at Napoleon, North Dakota. During the years 1927, 1928 and 1929, there were taxes levied and assessed against the personal property of Daschle & Company which, together with accumulated penalties, amounted to $1,069.44, of unpaid taxes at the time the sheriff undertook to collect the same by distraint, and which amount was reduced by a sale and credit of hardware to $669.44, the amount in controversy at the present time. On the 25th day of April, 1930, the defendant, as sheriff of Logan county, seized certain machinery and supplies for repairs, which machinery and supplies had been sold by plaintiff to Daschle & Company under a conditional sales contract reserving the title and right to possession of all such property until the purchaser had made full payment in cash and for all notes given therefor. Prior to the attempt by the sheriff to collect the taxes by distraint and on the 22nd day of April, 1930, Joseph Daschle, the father, having left the country and there being a default in the payment of the purchase price of the machinery and supplies for repairs, the entire stock of machinery and supplies was transferred by Daschle & Company to plaintiff who transferred the same on the 23rd day of April, 1930, to the Napoleon Implement Company, under the usual conditional sales contract and at the time of the seizure of the property it was in the possession of the Napoleon Implement Company as purchaser.

The facts are not in dispute and the trial judge found that prior to the seizure and distraint by the sheriff, the said Daschle & Company

had sold and transferred the property, and at the time of such distraint and seizure, Daschle & Company, the tax debtor, had no title to nor ownership of said personal property. Upon the facts the court found as a conclusion of law that the plaintiff was entitled to a permanent injunction restraining the defendant from collecting said taxes. Judgment was duly enterel upon such findings and conclusions of law, from which judgment the defendant appeals demanding a trial of the entire case in this court.

There is just one question in this case, to-wit: can taxes be collected by distraint after the tax debtor has sold and conveyed the property to another? In the note to Wilberg v. Yakima County, 41 A.L.R. 188, the rule is stated as follows: "Ordinarily there is no liability incurred by the purchaser of personal property to pay a tax assessed against the former owner; and if no lien for it exists against the property purchased at the time of sale, it is not subject to seizure in the hands of the buyer." Wilberg v. Yakima County, 132 Wash. 219, 231 Pac. 931, 41 A.L.R. 184, and the many cases cited in the note. This is the conclusion we reached in the case of Baird v. Belcher, 59 N. D. 559, 231 N. W. 548, wherein a permanent injunction was granted against the sheriff of Wells county restraining him from collecting taxes upon personal property sold prior to the seizure in distraint. In the instant case the trial court said in his memorandum opinion: "The International Harvester Company had the right to retake the property. . . . The International Harvester Company certainly then had a right to resell this property to the Napoleon Implement Company and this was actually done on the 23rd day of April, 1930, and the property delivered into the possession of the Napoleon Implement Company on April 23, 1930. This was two days before the sheriff, George Elhard, made his levy upon the property. There is nothing in the evidence to show that the Napoleon Implement Company were not purchasers in good faith. The firm is still doing business at Napoleon. There is no evidence that the transfer was a fraudulent one or that it was done for the purpose of defeating the county in the collection of its taxes or was a mere subterfuge. The court must presume that it was a good faith sale."

After a careful examination of the record we cannot say that the sale of the property was not made in good faith and since it was made

446

before the seizure by the sheriff the judgment must·be and is affirmed, with costs.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.