[File No. 6525.]

LYMAN COUNTY, South Dakota, a Public Corporation, Appellant,
v. FRANK R. SCOTT, Respondent.

(281 N. W. 902.)

Opinion filed October 14, 1938.   Rehearing denied November 10, 1938.

*Soule & Pierce,* for appellant.

*Shure & Murphy,* for respondent.

SATHRE, J. This is an appeal from an order of the district court of Cass county sustaining a demurrer to the complaint.

The main facts alleged in the complaint are as follows: Prior to January 1933, the Servor Oil Company, a corporation, was doing business and had personal property in Lyman county, South Dakota.

This property was assessed in said county in 1921 and 1922, but the taxes levied upon such assessments were not paid. On January 19, 1923, a petition in involuntary bankruptcy was filed against said Servor Oil Company, in the district court of the United States for the district of North Dakota, at Fargo, North Dakota, and on or about February 6, 1923, said Company was adjudicated bankrupt, and on May 20, 1923, the defendant Scott was appointed trustee in bankruptcy. That the defendant Scott, as trustee, took possession of the personal property of said Servor Oil Company and on the 17th day of September, sold the same, but failed to pay the taxes due and delinquent thereon.

That under § 6759, of the Revised Code of South Dakota for 1919, the plaintiff, Lyman county, has a first lien upon said personal property of the Servor Oil Company upon which the taxes involved were assessed and levied. Said § 6759 provides as follows: *"Taxes on Personal Property, First Lien from January First.* All taxes assessed upon personal property within this state shall be a first lien on all personal property of the person against whom personal taxes are assessed, from and after January first in each year."

The complaint alleges four causes of action. Two of such causes of action are predicated on breach of duty on the part of the defendant as trustee in bankruptcy of the Servor Oil Company in that he failed to pay the personal property taxes assessed upon the property of said bankrupt for the years 1921 and 1922; and two causes of action are based upon conversion of such personal property upon which the plaintiff claims to have lien for the years 1921 and 1922, and failure to pay the taxes thereon for said years.

Copies of said § 6759 of the Revised Code of South Dakota for 1919, the Tax Laws of South Dakota, and of § 64, subds. (a) and (b) of the Federal Bankruptcy Act, as amended on May 27th, 1926, 11 U. S. C. A. § 104 (a) (b), are attached to the complaint as exhibits, and by stipulation of the parties to the action are to be considered by the court as part of the complaint. .  .

The defendant demurred to the complaint, among others, upon the following grounds:

"That the complaint does not state facts sufficient to constitute a cause of action in this that the plaintiff pleads mere conclusions and

has not stated a cause of action under the bankruptcy act or sufficient facts to constitute a cause of action for conversion."

The district court entered its order sustaining the demurrer and the case is here on appeal from such order.

We shall first consider plaintiff's cause of action alleging breach of duty under the Federal Bankruptcy Act. The plaintiff's complaint alleges that the defendant was duly elected and appointed trustee in bankruptcy of the Servor Oil Company, bankrupt, in the district of the United States of America for North Dakota and thereafter duly qualified as such trustee and immediately entered upon the discharge of his duties as trustee in bankruptcy, took over the personal property belonging to the bankrupt and became vested with the legal title thereto. The complaint further alleges that the defendant knew at the time of his appointment and qualification as trustee and ever since has known that the taxes levied upon the property of said bankrupt were unpaid, and that during his administration of said bankruptcy estate he wholly failed to pay said taxes, although required to pay the same under and by virtue of the Federal Bankruptcy Act of July 1st, 1898, as amended, and that the estate has been formally closed and wound up and the assets distributed to creditors and that the defendant, as such trustee, failed to pay the taxes assessed and levied upon the property of said bankrupt.

Subdivisions (a) and (b) of § 64, of the Federal Bankruptcy Act, as amended on May 27th, 1926, are attached to the complaint as exhibit "D" and made a part thereof. That part of subdivision (a), of said § 64, applicable here, provides as follows: "The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: . . ."

It will be observed that the statute quoted provides that the court shall order the trustee to pay all taxes due and owing by the bankrupt, etc. It is clear, therefore, that it is the mandatory duty of the bankruptcy court to order the trustee to pay taxes according to the priority prescribed by the statute, and it is equally clear that the trustee cannot pay taxes except upon order of the bankruptcy court. "The trustee can pay taxes only on an order of the court of bankruptcy; but it is the mandatory duty of the court of bankruptcy to order the trustee to

pay taxes according to the priority prescribed by the statute; . . ." 8 C. J. S. § 454, p. 1334.

Section 64 of the Bankruptcy Act, supra, invests the court with power to determine the legality and priority of taxes levied upon property of bankrupts. No order for the payment thereof can be made by the court until such taxes have been found to be a legal charge upon the assets of the bankrupt. We quote from 8 C. J. S., § 454, p. 1332: "By virtue of a provision of the Bankruptcy Act and the construction and effect accorded thereto, a bankruptcy court has jurisdiction to hear and determine any question which arises as to the amount or legality of a tax for which priority is claimed. In making such determination the court is not bound or concluded by the regulations, findings, or determination of the taxing authorities; . . ."

In Re Bradley (D. C.) 16 F. (2d) 301, 9 Am. Bankr. Rep. (N. S.) 269, the court, referring to § 64 of the Bankruptcy Act, said: "This section authorizes the bankruptcy court to determine the amount and legality of taxes claimed against a bankrupt's estate by the federal government, by a state, or municipality. New Jersey v. Anderson, 203 U. S. 483, 51 L. ed. 284, 27 S. Ct. 137, 17 Am. Bankr. Rep. 63; Re E. C. Fisher Corp. (D. C.) 229 F. 316, 36 Am. Bankr. Rep. 509; Re Heffron Co. (D. C.) 216 F. 642, 33 Am. Bankr. Rep. 443; Re W. P. Williams Oil Corp. (D. C.) 265 F. 401, 45 Am. Bankr. Rep. 278; Re Sheinman (D. C.) 14 F. (2d) 323, 8 Am. Bankr. Rep. (N. S.) 623."

In order to state a good cause of action for breach of duty in neglecting to pay taxes, the complaint must allege that the bankruptcy court made its order for payment and that the defendant failed to comply therewith. It is true the complaint alleges that the defendant knew at the time of his appointment and qualification as trustee and ever since has known that the taxes levied upon the bankrupt's property were unpaid. But there is no allegation that the court has found such taxes to be valid and a legal charge upon the assets of the estate of the bankrupt. For aught appearing in the complaint the court may have refused, upon proper grounds, to issue an order for the payment of the taxes involved in this action.

There being no allegation in the complaint that the court made an order for payment of the taxes and that the defendant failed or

refused to comply therewith, we are satisfied it does not state facts sufficient to constitute a cause of action for breach of duty under the Bankruptcy Act.

We shall next consider the causes of action based upon the allegation in the complaint that under the statutes of South Dakota, the plaintiff county had a lien upon the personal property involved for taxes, and that the defendant, as trustee, converted the property by selling the same and failing to pay the delinquent taxes thereon.

Under the tax laws of the state of South Dakota, it is the duty of the county treasurer, in his official capacity, to collect delinquent personal taxes. By virtue of the lien created by § 6759, supra, quoted herein, he may seize the property of a tax debtor and sell it under distraint proceedings. No other method is provided by the tax laws of South Dakota for the seizure of personal property by virtue of a tax lien. However, under the decisions of the South Dakota Supreme Court, such personal property can be seized under a tax lien only while the property belongs to the tax debtor.

The case of Archambault v. Zimmerman, 50 S. D. 130, 208 N. W. 717, was an action in conversion brought by the county treasurer to collect delinquent personal taxes for the years 1920, 1921 and 1922. The property consisted largely of cattle and was owned by a copartnership under the name of C. O. D. Cattle Company. The property was sold by the owners to the defendant and by him shipped out of the state of South Dakota, thereby placing said property beyond the reach of the court and destroying plaintiff's tax lien thereon. The complaint of the plaintiff alleges that thereby the defendant converted said property to his own use to plaintiff's damage in the amount of the delinquent personal taxes assessed against said property.

The trial court found for the defendant and judgment was affirmed by the appellate court. In passing upon the question as to whether or not the county treasurer could maintain an action in conversion against the defendant, the court said:

"Does the fact that respondent purchased cattle upon which Corson county once held a tax lien, and shipped said cattle out of the state, give the treasurer of Corson county a right to recover all, or any part, of the unpaid taxes upon said cattle, in a personal action against respondent? . . ."

· "The defendant in the instant case is not the person against whom the taxes were charged. There is no authority for county treasurers maintaining civil actions, for the collection of taxes, against persons through whose hands has passed property once owned by the person to whom delinquent personal taxes were charged."

A somewhat similar question was passed upon by the Supreme Court of North Dakota in the case of Baird v. Belcher, 59 N. D. 559, 231 N. W. 548, under a similar statute. The portion of the statute involved in that case reads as follows:

". . . provided that all personal property taxes shall be a lien upon the property assessed from and after the date upon which assessment is made and it shall be the duty of the sheriff when any person to whom personal property shall have been assessed is, in his opinion, about to sell, barter or remove said property from the county, to collect such taxes at any time after the property shall have been assessed."

The same statute makes it the duty of the sheriff to proceed with the collection of delinquent taxes and directs him to "distrain sufficient goods and chattels belonging to the person, firm or corporation charged with such taxes if found within the county to pay the same." The facts in the North Dakota case briefly are as follows: One Maxwell, the owner of certain personal property, sold and transferred the same by bill of sale to the plaintiff. Soon thereafter the defendant, as sheriff of Wells county, claiming authority under the section just quoted, levied upon this personal property for the delinquent personal taxes of the said Maxwell, the original owner. A restraining order was issued by the district court preventing the sale and after trial of the case on the merits the plaintiff was awarded a permanent injunction.

The question involved on appeal was whether or not a purchaser of personal property takes the same free and clear from lien of taxes specifically assessed against it so as to render it immune from distraint by the sheriff for the taxes of the vendor.

In discussing the questions involved in that case, the court said:

"Referring now to § 2166, it will be noted that the sheriff is directed to distrain sufficient goods and chattels belonging to the tax debtor and that in that portion of the statute where it is provided that all

personal taxes shall be a lien upon the property assessed from the date of the assessment, there is linked with the lien declaration a provision making it the duty of the sheriff to collect the taxes at any time after the property shall have been assessed when in his opinion such person is about to sell, barter or remove the property from the county. In other words, the remedy provided is distraint and it is made effective for purposes of immediate collection after assessment when in the opinion of the sheriff a step is about to be taken by the tax debtor which might embarrass the ultimate collection of personal taxes. Distraint is the taking of a chattel from the possession of a wrongdoer or obligor to enforce the performance of an obligation. See Bouvier's Law Dict. It does not authorize the taking of property of one person to satisfy the obligation of another. . . . The clear implication is that the remedy is not to be resorted to if the property no longer belongs to the tax debtor."

Since it clearly appears that the defendant, as trustee in bankruptcy, became legally possessed of the personal property involved in this action under the National Bankruptcy Act, and likewise disposed of it in accordance with the provisions of said act, he could not be held to have wrongfully converted such property to his own use. The distraint statutes of South Dakota provided an effective method by which the property might be seized under the tax lien, but this method was not resorted to and the tax lien was lost.

It is clear, therefore, that the complaint does not state facts sufficient to constitute a cause of action.

The order of the District Court sustaining the demurrer to the complaint is affirmed.

CHRISTIANSON, Ch. J., and BURR, MORRIS and NUESSLE, JJ., concur.