FARMERS LOAN & TRUST COMPANY V. T. F. MEMMINGER
ET AL.

| 48 | 17 |
| 60 | 521 |

| 48 | 17 |
| 61 | 160 |

| 48 | 17 |
| 62 | 54 |

FILED APRIL 10, 1896.   No. 6414.

1. **Taxes: LIEN.** Taxes assessed on personal property are a lien from and after the delivery of the tax list to the county treasurer upon all the personal property owned by the person assessed. *Reynolds v. Fisher*, 43 Neb., 172, followed.

2. ——: ——: CHATTEL MORTGAGES. The lien of such taxes is paramount to the lien of a chattel mortgage executed after the delivery of the tax list to the county treasurer.

3. **Trial to Jury: IMMATERIAL EVIDENCE: HARMLESS ERROR.** The admission of immaterial evidence in a cause tried to a jury is no ground for reversal, where it had no effect on the result, and the verdict could not have been different had the objectionable evidence been excluded.

ERROR from the district court of Madison county. Tried below before ALLEN, J.

*Wigton & Whitham*, for plaintiff in error:

The warrants attached to the tax-books were not liens on the property in controversy when the mortgages were given. (*Hill v. Figley*, 23 Ill., 418; *Binkert v. Wabash R. Co.*, 98 Ill., 218; *Ream v. Stone*, 102 Ill., 364; *Hill v. Palmer*, 32 Neb., 632.)

*Robinson & Reed, contra.*

NORVAL, J.

On the 13th day of December, 1888, James McMahon executed a chattel mortgage on certain personal property to the plaintiff, the Farmers Loan & Trust Company, to secure the payment of $500, which was the next day duly filed in the county clerk's office of Madison county. To secure the said sum, on October 9, 1889, McMahon executed another mortgage to the plaintiff upon the same property described in the prior mortgage, and also

6

a pony and colt, and a copy of the instrument was duly filed the following day. Personal taxes were legally assessed and levied against said McMahon in Madison county for the years and amounts following: 1880, $10.31; 1881, $14.39; 1884, $13.50; 1885, $13.78; 1886, $10.14; 1887, $6.93; 1888, $4.81; 1889, $11.97. The tax lists covering these taxes, with the warrants required by law duly attached, were delivered to the county treasurer of Madison county for collection, and all of said taxes remaining unpaid, the defendant, T. F. Memminger, as such treasurer, seized, on January 27, 1890, the mortgaged chattels for the satisfaction of the above taxes due the county, while the property was in the possession of plaintiff under its mortgages, and sold the same, applying the proceeds to the payment of said taxes. Plaintiff thereupon brought this action on the treasurer's bond for the conversion of the property, and from a verdict and judgment for the defendants the plaintiff prosecutes error to this court.

The petition in error contains twenty-eight assignments, only three of which are argued in the brief of plaintiff, and the others must be regarded as waived and will not be considered.

Objection is made to the following instruction given by the court on its own motion: "Under the law of this state as it existed during the period covered by the transactions involved in this case the taxes assessed upon the personal property of a citizen were a lien upon the personal property of such person from and after the tax books were received by the tax collector, and this lien would continue against all personal property owned and in the possession of the delinquent in the county, so long as the tax remained upon the tax books and unpaid, and a person taking a chattel mortgage upon any of such property would by the record of such tax be charged with the notice of such tax lien." It is argued in the brief that this instruction is erroneous in stating that personal taxes are a lien on the personalty of the person assessed

from the date of the delivery of the tax list to the county treasurer. It is insisted that the lien of such taxes in this state does not attach until after the treasurer or tax collector receives the tax books or lists, a demand has been made upon the taxpayer for the payment of the taxes assessed, and a levy has actually been made by the officer. There is some support for this contention in the authorities cited from the state of Illinois, and the language used in the decision of this court in *Hill v. Palmer*, 32 Neb., 632. In *Hill v. Palmer* the property was purchased without actual notice of the lien for taxes, two days prior to the date of the tax warrant issued by the township collector and the levy thereunder. It did not appear when the tax books were delivered to the collector. The court held that the property sold was not subject to sale for the taxes assessed against the vendor. The case referred to was in effect overruled by the decision of *Reynolds v. Fisher*, 43 Neb., 173, where the precise question here involved was passed upon adversely to the contention of this plaintiff. In that case the tax debtor executed chattel mortgages upon the property after the delivery of the tax book to the county treasurer. The possession of the property was delivered to the mortgagees and the county treasurer brought replevin, claiming the right of possession as such officer, under and by virtue of the statutory lien for the personal taxes previously levied against the mortgagor. No levy for the taxes had been made by the treasurer, nor was any payment of the taxes demanded until after possession had been taken under the mortgages. This court reversed the judgment of the district court, holding that personal taxes are a lien from the delivery of the tax list to the treasurer, not only upon the personalty assessed, but on all such property subsequently acquired by the taxpayer, and the lien for such taxes is paramount and superior to the liens created by the chattel mortgages executed after the tax list has come into the hands of the county treasurer. Section

139, article 1, chapter 77, Compiled Statutes, which provides that "The taxes assessed upon personal property shall be a lien upon the personal property of the person assessed, from and after the time the tax books are received by the collector," was construed in that case and we are entirely content with the interpretation then given it. The statute is too plain to admit of any other construction. To hold that personal taxes are not a lien until the property has been seized by the treasurer would be the rankest kind of judicial legislation. The instruction quoted is in harmony with the decision in *Reynolds v. Fisher, supra,* and was applicable to the evidence.

It is claimed that there was a balance in the treasurer's hands arising from the sale of the property, of $16.73, after the payment of the taxes, and that plaintiff was entitled to a judgment for that sum. This contention is not tenable, since the action is for the conversion of the property, and not to recover any surplus that may be in the hands of the officer. There is no averment in the petition that there was such a surplus, nor is any demand for its payment alleged. The plaintiff brought its case upon the theory that the liens of the chattel mortgages were superior to the lien for taxes, and that was the issue tried.

Lastly, it is claimed that the court erred in permitting to go in evidence Exhibit N, the record of the proceedings of the county commissioners of Madison county, under date of July 11, 1889, instructing the county treasurer to collect all delinquent taxes prior to the year 1888. We agree with counsel that it was wholly immaterial, since the law makes it the duty of the county treasurer to collect delinquent taxes without any orders or directions from the county board. Plaintiff, however, was not prejudiced by the introduction of this record, for, had it been excluded, no other verdict could have been returned under the evidence properly admitted. (*Terry v. Beatrice Starch Co.,* 43 Neb., 866.)

The judgment is clearly right, and it will be

AFFIRMED.