## ADVANCE THRESHER COMPANY v. JOHN A. BECK.

### (128 N. W. 315.)

**Taxation — Priority of Liens for Taxes on Personal Property.**

> Section 1557, Rev. Codes 1905, giving to the state and county a preference in the collection of personal property taxes over any and all liens on or against the personal property of the tax debtor, construed, and
>
> *Held,* that the legislative intent was to create such preference right merely to the extent of the taxes assessed and levied against the particular property covered by a lien and property included in the same class and assessed with it as one indivisible item as disclosed by the assessment list.

Opinion filed October 13, 1910.

Appeal from District Court, McLean county; *W. H. Winchester, J.*

Action to recover the amount of certain personal property taxes paid under protest. From an order overruling a demurrer to the answer, plaintiff appeals.

Affirmed.

*Turner & Lewis (Engerud, Hold, & Frame* of counsel), for appellants.

Personal property taxes cannot be made a lien paramount to prior mortgage. Binkert v. Wabash R. Co. 98 Ill. 216; State, Macknet, Prosecutor, v. Newark, 42 N. J. L. 38; Bibbins v. Clark, 90 Iowa, 230, 29 L.R.A. 278, 57 N. W. 884, 59 N. W. 290; Parsons v. East St. Louis Gaslight & Coke Co. 108 Ill. 380, and cases there cited.

Note.—Priority of claims for taxes against the assets of a debtor, see note in 29 L.R.A. 278.

Priority of claim for taxes against property in hands of receiver, see note in 2 L.R.A. (N.S.) 1052.

Taxes may be paid under protest and suit to recover brought. St. Anthony & D. Elevator Co. v. Bottineau County (St. Anthony & D. Elevator Co. v. Soucie), 9 N. D. 346, 50 L.R.A. 262, 83 N. W. 212; Gaar, S. & Co. v. Sorum, 11 N. D. 164, 90 N. W. 799.

*J. E. Nelson,* for respondent.

Where a law is enacted it becomes a part of every subsequent contract. Swinburne v. Mills, 17 Wash. 611, 61 Am. St. Rep. 932, 50 Pac. 489; Burdick v. People, 149 Ill. 600, 24 L.R.A. 152, 41 Am. St. Rep. 329, 36 N. E. 948, 952; Phinney v. Phinney, 81 Me. 450, 4 L.R.A. 348, 10 Am. St. Rep. 266, 17 Atl. 405; Von Hoffman v. Quincy, 4 Wall. 550, 18 L. ed. 403.

Tax lien is not displaced by foreclosure of a prior lien. Bloxham v. Consumer's Electric Light & Street R. Co. 36 Fla. 519, 29 L.R.A. 507, 51 Am. St. Rep. 44, 18 So. 444.

FISK, J. This is an appeal from an order of the district court of McLean county overruling a demurrer to the answer. The object of the action is the recovery of a certain sum paid by plaintiff to defendant under protest, in satisfaction of certain personal property taxes assessed and levied against one Hayes Bollman for the years 1904 to 1907 inclusive. The facts are not in dispute, and briefly stated are as follows: On September 14, 1906, plaintiff, being the owner of a certain threshing separator, sold and delivered the same, together with certain other personal property, to said Bollman for the agreed consideration of $1,210, the latter executing and delivering to plaintiff his note representing the purchase price of such property payable October 1, 1908, and to secure the payment thereof he executed and delivered to plaintiff a chattel mortgage upon the property thus sold, which chattel mortgage was duly filed for record on September 15, 1906. No part of such mortgage indebtedness has been paid, and plaintiff is still the owner and holder thereof. On April 15, 1909, there was placed in defendant's hands, as sheriff of McLean county, a warrant commanding him to collect certain delinquent personal property taxes levied and assessed against the said Bollman as follows: For the year 1904, $3.04; 1905, $2.50; 1906, $13.08, and 1907, $55.13. Pursuant to such warrant defendant, as such sheriff, on said date levied upon and seized the separator aforesaid, and

caused the same to be advertised for sale to satisfy such taxes, claiming the right to subject said property to the payment of certain taxes and the interest and penalty thereon, in disregard of plaintiff's rights under its chattel mortgage and over the remonstrance and protest of plaintiff, that the total amount claimed to be due for such tax, interest and penalty, was $102.15, which sum plaintiff, in order to prevent a sale of said separator, was required to pay and did pay to defendant under protest, and it is to recover back such money that this action was instituted.

The answer admits all the allegations of the complaint, after which it alleges that during each of the years from 1904 to 1907 inclusive, the said Bollman was the owner and in possession of certain personal property; that the same was duly assessed to him in certain amounts stated, and that taxes were levied and assessed thereon in the amounts stated in the complaint. Among other things the answer contains the following: "During the year 1906, as described in plaintiff's complaint, the said Hayes Bollman was the owner of an Advance Separator, No. 18,415, upon which the plaintiff in this action held and still holds a chattel mortgage; that said separator was duly assessed during the year 1907 to Hayes Bollman; that during the year 1906 the said Hayes Bollman was also the owner of an Advance Engine, shop No. 9,445, which was also duly assessed to him, and which said engine was included in the mortgage given by the said Hayes Bollman to the Advance Thresher Company on the 14th day of September, 1906; that the value of said separator and engine so assessed in the year 1907 was in the sum of nine hundred eighty dollars ($980), and that the total amount of taxes levied and due upon said engine and separator so included in the mortgage of the plaintiff herein is in the sum of forty-six and eighty-five hundredths dollars, no part of which has been paid by the said Hayes Bollman."

On the part of the defendant it is contended that the mortgaged property being owned and in the possession of Bollman, the tax debtor, on April 15, 1909, the county had a lien thereon for the amount of all of such taxes, interest, and penalty, and hence that such property was rightfully seized and distrained for the payment thereof.

Appellant concedes that the provisions of the statute (§ 1557, Rev. Codes 1905), if constitutional, are broad enough to justify respondent's

contention, but it asserts that such statute violates both the state and Federal Constitutions, inhibiting the taking of property without due process of law and impairing the obligation of contracts. .

Section 1557 reads as follows: "The right of the state and each and every county thereof to enforce the collection of personal property taxes shall take and have precedence of any and all liens on or against personal property of a tax debtor; provided, that any person holding a lien on personal property of any tax debtor may demand and require the property of the tax debtor not covered by a lien to be first exhausted in the payment of such taxes." Commenting upon this section, counsel for appellant, in their brief, say: "The legislature has by this enactment sought to make all personal property taxes, past, present, and future, and regardless of what property was assessed therefor, a first lien against all the world upon all personal property of the tax debtor, regardless of when or how it was acquired or the lien created."

If this statute must receive the broad construction thus placed upon it by appellant's counsel, it is, to say the least, the most harsh and drastic statute upon the subject which has come to our knowledge. Giving the statute such construction, it authorizes and requires the taking of the property of one citizen to pay the debt of another. Not only this, but it renders possible the complete wiping out and destroying of contract rights. Such a statute, if thus construed, would be abhorrent to natural justice. Before such a construction can be placed upon the statute, the legislative intent that it should receive such construction should be clear and unquestionable. Whether such a statute would be within the legitimate exercise of legislative power, we are not required to determine in this case, as we are agreed that the construction given the statute by appellant's counsel is not sound, and that as we construe it the same is not vulnerable to any attack upon constitutional grounds or otherwise. The history of this statute furnishes some aid in construing the same. It was enacted as an independent statute in 1901 (Laws 1901, chap. 150). As the bill for this act was introduced and first passed in the house, the legislative journal discloses that the proviso was not annexed thereto, but that such proviso was added as a senate amendment. Manifestly the purpose of the original bill was not to create a lien for taxes at all, but

merely to create a preference right in favor of the state and counties in the enforcement of the collection of personal property taxes. It was no doubt merely the intention to create a preference in the distribution of the proceeds of the property where the same has been converted into a fund either by an executor, administrator, receiver, or otherwise. Analogous statutes have been thus construed. Anderson v. State, 23 Miss. 459; United States v. Fisher, 2 Cranch, 358, 2 L. ed. 305; United States v. Hooe, 3 Cranch, 73, 2 L. ed. 370. In the first case cited, the section of the statute of Mississippi under consideration provided that "taxes imposed by the act shall be preferred to all payments, executions, encumbrances, and liens of any description whatsoever. . . ." Among other things the court said: "There is no lien expressly given as to the personal property of the tax debtor by the statutes above quoted. If it existed at all, it must result from the priority of payment secured to the state. But a right of prior payment does not of itself constitute a lien. The distinction is an obvious one: A lien is said to be a qualified right, which, in a given case, may be exercised over the property of another. Lickbarrow v. Mason, 6 East, 20, note, 4 Eng. Rul. Cas. 756. It attaches to the subjects of property, and follows them in their transmission to others. Priority in payment is a preference in the appropriation of the proceeds of the debtor's property. Hence, if before it has attached, there is a bona fide transfer of the property, the right will be lost."

The 5th section of the act of Congress, 1797, secured to the United States priority of payment out of the estates of insolvent debtors, and, as the Mississippi court said, "the effect of this act is not materially different from the statute under consideration," yet the Supreme Court of the United States in the above cases, on great deliberation, held "that the priority to which the United States are entitled does not partake of the character of a lien on the property of public debtors."

Why should the legislature, by the enactment of said statute, provide for a lien upon the tax debtor's property in the face of § 1572, Rev. Codes, then in force which already made such provision? If the bill as originally introduced had become a law, we should be inclined to adopt the reasoning of the Mississippi court, as above stated. But under the terms of the bill as finally passed, with the senate

amendment thereto, we are forced to the conclusion that the legislative intent must have been to create in favor of the state and counties, not only a preference right in the collection of taxes, but also to give to the personal property tax lien already prescribed by § 1572, Rev. Codes, priority over other liens on the property. The language employed in the proviso to the act seems to leave room for no other construction. It does not follow, however, that the legislative intent was to create such priority of lien in favor of the state and counties, except to the extent of the amount of taxes assessed and levied against the particular personal property, and property included in the same class as disclosed by the statutory assessment list. This appears to us to be a reasonable construction of this somewhat vague statute, and such construction obviates the constitutional objections urged by appellant's counsel against the same. It is concededly proper for the legislature to provide that taxes assessed against each class of personal property should have priority over all other liens thereon. This is in harmony with the law relating to real-estate taxes. But, as before stated, it would be grossly unjust, if not in excess of legislative power, to give to the tax lien for taxes on one class of property priority over all other liens on property of another and entirely distinct class. In the absence of a statute clearly disclosing such intent, we are unwilling to attribute such a purpose to the legislature.

By § 1496, Rev. Codes, the legislature has seen fit to require the assessor to fix the true and full value of all items of personal property included in the assessment list, and to that end the statute prescribes how the property shall be classified and that the value of each class shall be separately fixed. In subdivision 11 of said section all threshing machines, engines, and boilers are designated as one class, and treated as one item for the purpose of taxation, and by § 1523, Rev. Codes, the local board of review is required, in equalizing the assessments, to follow out the same scheme of classification. By these statutes, therefore, the property in each class is treated as one indivisible item of personal property, and, as before stated, we believe it was the legislative intent, in creating a preference right in the collection of taxes, as prescribed in § 1557, to limit the same so that as to each class of property the state and counties shall have priority only in so far as the taxes levied against such property are concerned.

Any other construction would work manifest hardship, if not confiscation of property. As said by the Arkansas court, any other construction "would burden personal property with secret liens to an extent to be abhorred, and would be a restraint upon the free exchange and alienation of personal property, that ought not to be drawn from the statute, when the meaning is not clearly manifested." Bridewell v. Morton, 46 Ark. 73. See also Binkert v. Wabash R. Co. 98 Ill. 205.

Applying the above rule of statutory construction to the facts of this case, it follows that defendant had the right to sell the threshing machine in question to satisfy the tax assessed and levied in the year 1907, against such machine and the engine included in its class, together with the interest and penalty thereon, but no more, and plaintiff is entitled to recover the excess of this amount so paid under protest. No point is made as to defendant, instead of McLean county, being the proper party defendant. The answer therefore alleges a partial defense, and the demurrer thereto was accordingly properly overruled. All concur.