FIRST NATIONAL BANK OF VALLEY CITY, NORTH DAKOTA, a Corporation, v. JAMES KELLY, Sheriff of Barnes County, North Dakota, and County of Barnes, a Municipal Corporation.

(162 N. W. 901.)

**Personal property taxes — lien for — in favor of state and county — subsequently acquired property — tax debtor — lien on specific property only — same class.**

1. Sections 2171 and 2186 of the Compiled Laws of 1913, which give to the state and county a lien for personal property taxes of the tax debtor and

authorize distraint of the personal property owned or subsequently acquired by the tax debtor, construed and *held* to create a lien against a specific personal property only for taxes levied against a valuation of property of the same class. Advance Thresher Co. v. Beck, 21 N. D. 55, followed.

**Mortgage on building — on railroad right of way — lien of — superior to tax lien — for taxes on other classes of personal property.**

2. The lien of a mortgage on a building situated upon a railroad right of way is superior to the preference right of the county to sell the building for the personal property taxes of the tax debtor, assessed against a valuation of other classes of personal property.

**Personal property — mortgagee of — tender of taxes — lien on property — sale of property for — may be enjoined.**

3. A mortgagee of personal property who is not the tax debtor is entitled, upon tendering the taxes, which are a lien upon the property, to enjoin the sale of the property mortgaged, except as the same may be sold subject to the mortgage.

Opinion filed April 28, 1917.

Appeal from District Court, Barnes County, *J. A. Coffey,* **J.**
Affirmed.

*M. J. Englert,* State's Attorney, for appellants.

Under our statutes the county's lien for personal property taxes is superior to a subsequent mortgage. Iowa Land Co. v. Douglas County, 8 S. D. 491, 67 N. W. 52; Farmers Loan & T. Co. v. Memminger, 48 Neb. 17, 66 N. W. 1014; Minnesota v. Central Trust Co. 36 C. C. A. 217, 94 Fed. 244.

The legislative intent was to make all personal taxes assessed against a party a paramount lien upon all personal property owned by the tax debtor. Minneapolis Threshing Mach. Co. v. Roberts County, 34 S. D. 498, L.R.A.1915D, 886, 149 N. W. 163; Crawford v. Koch, 169 Mich. 372, 135 N. W. 339.

The collection of personal property taxes by distraint cannot be enjoined. Minneapolis, St. P. & S. Ste. M. R. Co, v. Dickey County, 11 N. D. 107, 90 N. W. 260; Bismarck Water Supply Co. v. Barnes, 30 N. D. 555, L.R.A.1916A, 965, 153 N. W. 454; Merchants State Bank v. McHenry County, 31 N. D. 108, 153 N. W. 386.

*Winterer & Ritchie,* for respondent.

Personal property taxes upon farm machinery for certain years are

specific taxes against specific property, and do not constitute a lien upon a building upon a railroad right of way, superior to a subsequent chattel mortgage thereon. The personal property here mentioned belongs to separate classes, was so assessed, and such was the legislative intent. Rev. Codes, 1905, § 1557, Comp. Laws 1913, § 2171; Anderson v. State, 23 Miss. 459; United States v. Fisher, 2 Cranch, 358, 2 L. ed. 304; United States v. Hooe, 3 Cranch, 73, 2 L. ed. 370.

A prior right of payment does not of itself constitute a lien. A lien is a qualified right, which in a given case may be exercised over the property of another. If another valid lien is acquired on the property before it is attached for taxes, this right is lost. Lickbarrow v. Mason, 6 East, 20, 102 Eng. Reprint, 1192, 2 T. R. 63, 1 H. Bl. 371, 1 Revised Rep. 425, 4 Eng. Rul. Cas. 756; Act of Congress of March 3, 1797, 1 Stat. at L. 515, chap. 20, § 5, Comp. Stat. 1916, § 6372.

Only as to the specific personal property assessed and against which is the tax lien claimed shall such lien have priority over other liens. The law does not give a tax lien on other specific personal property upon which there is a valid individual lien in favor of another any such priority right. Advance Thresher Co. v. Beck, 21 N. D. 55, 128 N. W. 315, Ann. Cas. 1913B, 517.

Any different construction "would burden personal property with secret liens to an extent to be abhorred, and would be a restraint upon the free exchange and alienation of personal property that ought not to be drawn from the statute when such meaning is not clearly manifested." Bridewell v. Morton, 46 Ark. 73; Binkert v. Wabash R. Co. 98 Ill. 205.

A mortgagee of personal property not subject or susceptible to a tax lien, the right to which only exists as to other property or another class, may enjoin the sale under distraint, of such property. Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191; Bismarck Water Supply Co. v. Barnes, 30 N. D. 55, L.R.A.1916A, 965, 153 N. W. 454.

BIRDZELL, J. This is an appeal from a judgment of the district court of Barnes county restraining the collection of personal taxes by the sale of certain personal property under circumstances that will more fully appear in the statement of facts. The defendant appeals

and demands a review of the entire case. The facts are as follows: From 1910 to 1913, both years inclusive, the Westergaard Machinery Company of Valley City owned and, during part of the time, occupied a building situated upon the right of way of the Northern Pacific Railroad. During these years taxes were levied upon assessments of the personal property of the machinery company as follows:

|      | Building | Goods  | Auto  | Total valuation. |
|------|----------|--------|-------|------------------|
| 1910 | $600     | $1800  |       | $2400            |
| 1911 | 600      | 2640   | $258  | 3498             |
| 1912 | 600      |        |       | 600              |
| 1913 | 600      |        |       | 600              |

Early in January, 1912, the Westergaard Machinery Company sold its farm machinery, but retained the building, upon which it gave a chattel mortgage, on the 15th day of January, 1912, to the First National Bank of Valley City, the plaintiff herein. At the time the mortgage was given the delinquent personal taxes of the machinery company for the previous years, as shown above, had not been paid.

On or about the 11th of January, 1915, the sheriff of Barnes county levied upon the building for all deliquent personal taxes of the Westergaard Machinery Company as shown above, and the plaintiff brought this action against the sheriff and other officers of Barnes county to enjoin the sale of the building. Plaintiff tendered $205.44, the same being the amount of all personal taxes, interest, and penalty which had been levied against the machinery company upon the basis of the valuation of the building, which tender has been kept good. The district court issued an order permanently enjoining the sale of the building referred to for taxes assessed against the Westergaard Machinery Company, "excepting that such sale may be made subject to the lien of the First National Bank of Valley City, North Dakota, as shown by its chattel mortgage."

The only question that arises upon this appeal is as to the proper application of §§ 2171 and 2186 of the Compiled Laws of 1913. The sections in question read as follows:

Section 2171: "The right of the state and each and every county thereof to enforce the collection of personal property taxes shall take

and have precedence of any and all liens on or against personal property of a tax debtor; provided, that any person holding a lien on personal property of any tax debtor may demand and require the property of the tax debtor not covered by a lien to be first exhausted in the payment of such taxes."

Section 2186: "Taxes upon real property are hereby made a perpetual paramount lien thereupon against all persons and bodies corporate, except the United States and the state, and taxes due from any person upon personal property shall be a lien upon any and all real and personal property owned by him at the time the tax became due, or which may be subsequently acquired by him, and the title to any of which personal property so owned or subsequently acquired remains in him at the time of the distraint. All taxes shall, as between vendor and purchaser, become a lien upon real estate on and after the first day of December in each year."

Section 2186 is the older of the two statutes above quoted, and from an examination of its provisions it is apparent that it is intended to create a tax lien upon personal property owned by the tax debtor for the sole purpose of enabling the collection of the tax by distraint, and not for the purpose of preventing a sale free from the taxes before the property is levied upon for their collection. The statute purports to make the taxes owing by a tax debtor a lien, not only against the personal property "owned by him at the time the taxes become due," but also against that which "may be subsequently acquired by him." The purpose of a provision which thus extends the lien of the tax to property regardless of whether or not it was owned by the tax debtor at the time of the assessment could be none other than a desire to render all such property subject to distraint. That the legislature did not intend all the consequences of a lien to attach is very apparent from the fact that the so-called lien was limited by the continued ownership of the property by the tax debtor. There can be little doubt that it was owing to the very inadequacy of § 2186 to establish an absolute lien for taxes as against the personal property owned by the tax debtor, that § 2171, above quoted, was passed. The latter section was interpreted by this court in the case of Advance Thresher Co. v. Beck, 21 N. D. 55, 128 N. W. 315, Ann. Cas. 1913B, 517, and it was held that the preference right therein given to the state and county to enforce

the collection of personal property taxes was a lien to the extent of the taxes assessed and levied against the particular property assessed and property included in the same class as one indivisible item in the assessment list. While the facts in the case of Advance Thresher Co. v. Beck, supra, are materially different from the facts in the case at bar, the interpretation which was placed upon § 2171 of the Compiled Laws of 1913 in that case appeals to us as being founded upon reason and justice and to be properly decisive of the case at bar.

The appellant relies upon the following authorities from our sister states: Iowa Land Co. v. Douglas County, 8 S. D. 491, 67 N. W. 52; Farmers Loan & T. Co. v. Memminger, 48 Neb. 17, 66 N. W. 1014; Minnesota v. Central Trust Co. 36 C. C. A. 217, 94 Fed. 244; Minneapolis Threshing Mach. Co. v. Roberts County, 34 S. D. 498, L.R.A. 1915D, 886, 149 N. W. 163; Crawford v. Koch, 169 Mich. 372, 135 N. W. 339. We have carefully examined not only the authorities cited, but the statutes that were before the courts in each of the cases relied upon. The South Dakota statute provides merely that the taxes assesed upon personal property shall be a first lien on all personal property of a person against whom personal taxes are assessed from and after a certain date in each year. S. D. Comp. Laws 1910, § 2191. The Nebraska statute is substantially the same. Cobbey's Consol. Stat. (Neb.) 1891, § 4038; Neb. Comp. Stat. Anno. 1901, § 4422. The Minnesota statute involved in the case of Minnesota v. Central Trust Co. 36 C. C. A. 217, 94 Fed. 244, was likewise the same. None of these statutes purported to extend the so-called lien to property subsequently acquired, nor did they expressly make the right of distraint dependent upon the continued ownership of the property by the tax debtor, as is done in § 2186, Compiled Laws of 1913. The Michigan case rather supports the contention of the respondent. The statute provided that the personal taxes should be a lien upon all personal property of the person assessed, and that they should take precedence to any sale, assignment, chattel mortgage, levy, or other lien on such personal property executed or made after the first of December, except where the property is actually sold in regular course of a trade. Mich. Comp. Laws, § 3863. The court, in answer to the contention that personal property was liable only for the taxes assessed against the specific property, said (page 382): "It will be borne in mind that

the property is taxed as a whole. *The taxes assessed upon this property are the extent of the lien or charge upon the class;* but, the taxes being assessed upon it as a whole, each several article is liable *in solido* for the taxes *of the class* to which it belongs, just as they would be if all were included in a mortgage, or condemned by the decree of the court."

Appellants also contend that the collection of the personal property taxes in question should not have been enjoined. In support of this proposition our attention is directed to the previous decisions of this court, including the two late decisions, Bismarck Water Supply Co. v. Barnes, 30 N. D. 555, L.R.A.1916A, 965, 153 N. W. 454, and Merchants' State Bank v. McHenry County, 31 N. D. 108, 153 N. W. 386. This case is not within the doctrine of these cases. Here the plaintiff is not the tax debtor, and it is in no way obligated to pay the taxes of its mortgagor, the Westergaard Machinery Company, except as the property mortgaged to it is subjected to the statutory lien. It simply seeks to protect its security from being diminished by sale to pay the taxes of another. There is no reason in the policy that precludes one from enjoining the collection of personal property taxes owing by him that is applicable to a situation such as is presented in this case.

The plaintiff in this case has tendered all of the taxes that were a lien against the building. The judgment of the District Court fully recognizes the right of the county to levy upon the building, and it properly concedes that the sale may be made subject to the lien of the plaintiff's mortgage.

The judgment appealed from is affirmed.

ROBINSON, J. I concur in result.