SMITH, Inc., a North Dakota corporation,
Plaintiff and Respondent,

v.

MOUNTRAIL COUNTY, North Dakota, A. L. Whitmore, Clerk of the District Court of Mountrail County, North Dakota, and Wallace Sem, Sheriff of Mountrail County, Defendants and Appellants.

No. 7655.

Supreme Court of North Dakota.

March 15, 1957.

Swendseid & Bekken, Stanley, for appellants.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for respondent.

Kenneth M. Jakes, Sp. Asst. Atty. Gen., for the State, amicus curiae.

JOHNSON, Judge.

This appeal involves the issue of whether road building equipment purchased under conditional sales contract and assessed to the purchaser can be distrained by the sheriff prior to its seizure or repossession by the conditional seller, to enforce payment of delinquent personal property taxes assessed aganist the tax debtor for taxes levied on other road equipment which was not subject to conditional sales contract.

The plaintiff, by this action, seeks a refund of a part of a deposit made to cover the 1952 personal property taxes of Murray and Weir. The defendants claim the entire amount of the tax levied for that year.

The plaintiff sold to Murray and Weir, Sidney, Montana, road contractors, two Le-Tourneaus, Model Super C Tournapulls with other equipment attached, one covered by conditional sales contract dated June 9, 1951, and the other by conditional sales contract dated July 28, 1951. These contracts described the machinery by name, model, and serial number of the main machine and the equipment attached. The contracts were filed in Richland County, Montana, the domicile of the contractors. They were never filed in Mountrail County, North Dakota. While it appears that the failure to file the conditional sales contract in Mountrail County was an issue before the trial court, it is not argued on this appeal and must be deemed abandoned.

Murray and Weir, road contractors, were employed in Mountrail County in the years 1951 and 1952. Their road machinery and equipment were assessed in Osborne Township, Mountrail County, North Dakota, for the year 1952, as follows:

| "Item | | Value |
|---|---|---|
| Two tournapull super Model C. LeTourneau | 10 yrs old | $ 6,000.00 |
| T.D. 18 International Diesel | 7 yrs | 2,000.00 |
| Packer | | 50.00 |
| Two tournapull super, Model C, LeTourneau | | 2,000.00 |
| | | 2,000.00 |
| #511 Adams Patrol | 8 yrs old | 500.00 |
| | | $12,550.00" |

The personal property tax return for 1952 is sworn to by Murray and Weir and signed by Mr. Murray before the assessor. The assessor then certifies that the above is a correct copy of the 1952 personal property assessment and gives notice of the meeting of the board of review in townships, villages and cities. On the basis of the personal property tax return for 1952 the road equipment of Murray and Weir was assessed and taxes levied against it amounting to $544.48.

Murray and Weir left Mountrail County, North Dakota, without paying the 1952 personal property tax on the machinery assessed and listed in the 1952 return. The stipulated facts do not show exactly when they left Mountrail County, but it is reasonable to assume, and is so asserted by the appellant, that "on or about the 1st day of January 1953", the sheriff of Mountrail County became aware of the fact that Murray and Weir were moving their property from the state and distrained and levied upon the two tournapulls covered by the two conditional sales contracts of the plaintiff. The sheriff held these two tournapulls for the entire tax levied and assessed against all of the road machinery listed in the 1952 personal property tax return of Murray and Weir.

The plaintiff, on or about June 11, 1953, Murray and Weir being in default in payments due under the conditional sales con-

tracts covering the two tournapulls, demanded their return and sought to repossess them in accordance with the terms of the contracts, at the same time offering to pay that portion of the tax levied and assessed against them which their valuation bears to the total valuation of all of the road machinery listed in the 1952 tax return of Murray and Weir.

The plaintiff, in order to obtain possession of the two tournapulls in possession of the sheriff of Mountrail County, entered into an agreement with him. Under the agreement it was provided that the plaintiff would deposit with the clerk of the district court of Mountrail County $550 to be held by the clerk until such time as it shall be determined whether or not said property is subject to the total personal property tax levied and assessed against Murray and Weir for 1952. The sheriff receipted for the $550 deposit. This deposit apparently was never placed in the hands of the clerk of court, but that is immaterial.

This case was tried to the court without a jury. The trial court found for the plaintiff and determined that the two particular tournapulls covered by the plaintiff's conditional sales contracts were subject to taxes in the sum of $216.92.

One of the tournapulls listed in the tax return was valued at $3,000 and the other one at $2,000. The total tax valuation of the two tournapulls covered by the conditional sales contracts thus amounted to $5,000. By using $5,000 as the numerator and the total tax valuation of all of the road machinery assessed to Murray and Weir, amounting to $12,550 as the denominator, the proportionate share of the total tax levied and assessed due on the two particular tournapulls here involved may be accurately calculated, and was so calculated resulting in the figure of $216.92. The trial court entered a judgment in favor of the plaintiff for a refund of $333.08, the surplus in the deposit not required for payment of the taxes due on the two particular tournapulls.

The defendants have appealed and requested a review of the entire case. The sole issue before us is whether the 1952 personal property taxes levied and assessed against Murray and Weir in the sum of $544.48 on all the road machinery they had in Mountrail County in 1952, constitutes a prior lien on the two tournapulls to the claim of the plaintiff under its conditional sales contracts. The plaintiff concedes that the county has a prior lien to the extent of the valuation that the two tournapulls bear to the valuation of all of the property listed in the 1952 tax return. It contends that it is entitled to a refund of the amount deposited over and above the taxes due on the two tournapulls.

Under the terms of Section 57–0212, ND RC 1943, every person required to list property, when called upon by the assessor, shall make out and deliver to the assessor a statement, verified by oath, of all the personal property in his possession or under his control which he is required to list for taxation. Such sworn statement shall be in such form and shall contain such classifications of property as the tax commissioner may prescribe, subject to the supervision of the state board of equalization.

Personal property taxes, for the purpose of distraint, shall be a lien upon all personal property in possession of the person assessed from and after the date when the assessment is made. Section 57–2213, ND RC 1943.

Section 57–2218, NDRC 1943 provides:

"Conditional Sales; Taxes Payable Before Change of Possession. If personal property has been sold or transferred under a conditional sale contract, the owner, holder, or assignee of such contract shall not attach nor repossess such property nor acquire it by bill of sale, on account of the cancelation or foreclosure of such contract, until the taxes levied *upon the said property* have been paid in full." (Emphasis supplied.) See also Section 51–0711, NDRC 1943.

It is argued that under the terms of Section 57–2220, NDRC 1943 the two tournapulls here involved are subject to the entire amount of the taxes levied against all of the road machinery of Murray and Weir for the year 1952; that the road machinery was "property included in the same class" and should have been assessed as such; that by assessing the property by items the assessor could not create a separate classification.

> "Precedence of Lien for Taxes. The state, and each county thereof, to the extent of the amount of taxes assessed and levied against particular personal property and property included in the same class, as disclosed by the statutory assessment list, shall have a lien upon such property prior to all other liens on or against the same. *Any person holding a lien on personal property of any tax debtor may demand and require the property of the tax debtor not covered by a lien to be first exhausted in the payment of such taxes.*" Section 57–2220, NDRC 1943. (Emphasis supplied.)

This section has been construed in Advance Thresher Co. v. Beck, 21 N.D. 55, 128 N.W. 315; First National Bank of Valley City v. Kelly, 36 N.D. 546, 162 N.W. 901. See also Strand v. Marin, 30 N.D. 165, 152 N.W. 280; Baird v. Belcher, 59 N.D. 559, 231 N.W. 548; Regional Agricultural Credit Corp. v. Griggs County, 73 N.D. 1, 10 N.W.2d 861.

It is contended that under the terms of Section 57–2220, NDRC 1943, that the property should have been assessed under item 10, "Tools, Machinery And Equipment not assessed as real estate" shown in the personal property tax return; that the property was all included in the same class; that it was class property.

We agree that the assessor may not create a separate classification of property for assessment purposes. That is the duty of the tax commissioner under the statute subject to the supervision of the state board of equalization. We may assume that the assessment return is in the form prescribed by the tax commissioner. It sets out 17 classes of personal property with subdivisions for several of these. The assessor did not attempt to list the property under any of the classes listed in the return. The return shows that the assessment of the personal property was superimposed upon the tax return by the assessor by writing the descriptions of the property, item by item, as shown by quoted portion thereof, in space provided for the assessment of various classes of personal property, such as "horses, cattle, hogs and other livestock." One piece of property was listed under the class designated as "farm and ranch equipment". The assessor itemized the property by name, model and age as to some items and then put a value on each item. This method of listing the property clearly indicates that the assessor felt there was no class provided in the tax return under which this personal property could be assessed. A careful examination of the tax return (assessment list) used to assess the personal property of Murray and Weir in 1952 discloses that it does not contain any clearly designated class or classification for the assessment of the type of personal property involved, to wit, road machinery. Item 10 is at best a vague designation. It is very general. We cannot say with any degree of certainty that it is a classification which covers the type of machinery here involved. The assessor's failure to assess it under item 10 of the return shows his doubt and supports our view. Under such circumstances the property being of such a nature that it was possible to assess it on an item by item basis, it was so assessed. It was assessed as "particular personal property".

The provision of Section 57–2220, NDRC 1943 with reference to property of the "same class", therefore, has no application here. It is true that the two tournapulls

were not identified by serial number as they could have been, since the assessor testified that he saw the property. He did, however, testify that by listing the first item as "Two Tournapull, super, Model C. LeTourneau, 10 years old, $6,000.00" it was his intention to value each one for tax purposes at $3,000. It is undisputed that one of the tournapulls was valued at $3,000 and the other at $2,000 for tax purposes and that the two machines are the ones covered by the conditional sales contracts of the plaintiff.

 It is apparent from consideration of Sections 57–2218, 51–0711, and the last sentence of Section 57–2220, NDRC 1943 that it is the purpose and policy of the law to protect other liens against partial impairment or total destruction by the preference granted under Section 57–2220, NDRC 1943 to the greatest extent possible.

Where the tax commissioner has not clearly prescribed any classification for the assessment of personal property consisting of road machinery, and such property is assessed as "particular personal property.", on the basis of an item by item description thereof, items of such personal property covered by a conditional sales contract are subject only to the personal propery tax levied upon said property, and upon payment thereof, the conditional sales contract owner takes the property free from taxes levied and assessed upon other personal property of the purchaser.

We conclude that under the personal property tax return of Murray and Weir for 1952, sometimes referred to as the assessment list, Mountrail County had a prior lien for taxes only on the particular items of machinery covered by plaintiff's conditional sales contracts. This the plaintiff, pursuant to the agreement, has offered to pay in accordance with its statutory liability. It is entitled to a refund of the balance of the deposit after deduction therefrom of the actual amount of the taxes levied and assessed against the two tournapulls involved.

The judgment of the trial court is affirmed.

GRIMSON, C. J., and BURKE, SATHRE and MORRIS, JJ., concur.